UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLDEN MEDLEY,

    Plaintiff,

                              CASE NO. 2:07-CV-15046
                              JUDGE MARIANNE O. BATTANI
                              MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

CITY OF DETROIT,
DETROIT POLICE DEPARTMENT,
OFFICER JOHNNY BRIDGES and
OFFICER ROBERT JOHNSON,

    Defendants.
                                     /

**ORDER GRANTING PLAINTIFF'S NOVEMBER 1, 2010 MOTION TO COMPEL PRODUCTION OF DOCUMENTS (Doc. Ent. 41), CANCELLING THE HEARING SCHEDULED FOR NOVEMBER 30, 2010 (Doc. Ent. 42) and SETTING A DEADLINE BY WHICH DEFENDANT(S) MUST SERVE RESPONSES**

**A.    Procedural History**

**1.** Plaintiff filed this pro se prisoner civil rights complaint on November 27, 2007 against defendants City of Detroit, Detroit Police Department, and Officers Johnny Bridges and Robert Johnson. Doc. Ent. 1.[1] On February 19, 2008, defendant City of Detroit filed a motion to dismiss in lieu of a responsive pleading. Doc. Ent. 10. Specifically, the City argued that (I) the Detroit Police Department is not a proper party; (II) "[i]n the absence of any contention regarding the existence of a constitutionally offensive policy or practice, . . . Plaintiff's

---

[1]Judge Battani has referred this case to me to conduct pretrial matters. Doc. Entries 7 and 21.

complaint [does not] state a claim directly against the City of Detroit[;]" and (III) "[t]o date, Plaintiff's conviction stands[;] . . . therefore, [his claims are] barred[.]" Doc. Ent. 10 at 5.[2]

On August 12, 2008, I entered a report recommending that defendant City of Detroit's February 19, 2008 motion to dismiss be granted in part and denied in part. Doc. Ent. 16. On September 16, 2008, Judge Battani entered an order adopting my report and recommendation. Doc. Ent. 18. In so doing, Judge Battani stated:

> Accordingly, the Court DENIES the request to dismiss Plaintiff's claims of false arrest, excessive force, and unlawful incarceration. The Court DISMISSES the City of Detroit Police Department as it is not an entity amenable to suit. I[t] further DISMISSES Plaintiff's due process claim, which is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Court agrees that Plaintiff's claim of municipal liability is deficient in that the complaint does not allege a specific unconstitutional practice or policy of the City of Detroit that resulted in his injuries. Because the Court also agrees that prior to discovery, Plaintiff cannot be expected to do so, the claim is DISMISSED without prejudice. Plaintiff may amend his complaint should discovery provide support for his contentions about the policies and customs of the City of Detroit.

Doc. Ent. 18 at 2.

**2.**   On March 8, 2010, plaintiff, through counsel, filed a first amended complaint against defendants City of Detroit, Johnny Bridges and Robert Johnson. Doc. Ent. 32. The facts underlying this complaint stem from an alleged February 25, 2006 incident. Doc. Ent. 32 ¶ 6.[3]

---

[2]On April 25, 2008, plaintiff filed a pro se motion to compel. Doc. Ent. 13 at 1-5. Recently, on November 16, 2010, I entered an order denying this motion without prejudice and denying without prejudice plaintiff's July 25, 2008 motion to amend request for production of discovery materials. Doc. Ent. 43.

[3]On July 6, 2006, plaintiff was sentenced for February 26, 2006 violations of Mich. Comp. Laws §§ 750.227 (Carrying Concealed), 750.224f (Firearms - Possession by Felon) and 750.227b (Felony Firearms). Case No. 062997-01 (Wayne County). Plaintiff was paroled on May 11, 2010. Doc. Ent. 36; www.michigan.gov/corrections, "Offender Search."

Plaintiff's causes of action include (I) false arrest/false imprisonment; (II) intentional infliction of emotional distress; (III) civil conspiracy and (IV) constitutional violations.

Defendants filed answers to the amended complaint on March 29, 2010. Doc. Entries 33 (City of Detroit), 34 (Bridges) & 35 (Johnson).

**3.** On June 8, 2010, plaintiff, through counsel, filed a motion to compel with respect to his May 6, 2010 First Request for Production of Documents. Doc. Ent. 37. However, on July 6, 2010, the motion was withdrawn. Doc. Ent. 39.

**B.    Pending Motions**

Currently before the Court is plaintiff's November 1, 2010 motion to compel production of documents. Doc. Ent. 41. Attached to the motion are plaintiff's September 16, 2010 amended second request for production of documents under Rule 34 (Doc. Ent. 41-2)[4] and plaintiff's September 30, 2010 third request for production of documents under Rule 34 (Doc. Ent. 41-3).[5]

A hearing on this motion has been noticed for November 30, 2010. Doc. Ent. 42.

**C.    Analysis**

In the instant motion, plaintiff specifically requests that "requests that his Motion to Compel Second Request for Production of Documents be GRANTED." Doc. Ent. 41 at 2. However, it appears from the attachments to the motion that plaintiff is seeking responses to both

---

[4]Attached to the September 16, 2010 discovery requests is an arrest log. Doc. Ent. 41-2 at 6-7.

[5]Attached to the September 30, 2010 discovery requests is an August 16, 2006 Detroit Police Inter-Office Memorandum from the Technical Services Bureau regarding a request for scout car video dated February 25, 2006 at 10:30 p.m. Doc. Ent. 41-3 at 6. As I noted in my November 16, 2010 order, based upon this attachment, it is fair to conclude that the video which plaintiff sought to secure by his July 25, 2008 motion (Doc. Ent. 15) is the subject of plaintiff's pending November 1, 2010 discovery motion (Doc. Ent. 41). Doc. Ent. 43 at 6-7.

the September 16th amended second request for production of documents and the September 30th third request for production of documents.[6]

"A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Also, "[a] response to a nondispositive motion must be filed within 14 days after service of the motion." E.D. Mich. LR 7.1(e)(2)(B).

Any response by defendant(s) to plaintiff's November 1, 2010 non-dispositive motion was due on or about November 18, 2010. Fed. R. Civ. P. 6(d). To date, no response to plaintiff's November 1, 2010 motion has been filed. Therefore, it will be granted as unopposed.

Although my November 16, 2010 order (Doc. Ent. 43 at 7 n.5) provided that a ruling on plaintiff's November 1, 2010 motion to compel production of documents (Doc. Ent. 41) would issue following the November 30, 2010 oral argument, the time within which to respond has now passed. Therefore, the hearing scheduled for November 30, 2010 is cancelled.

**D.     Order**

Upon consideration, plaintiff's November 1, 2010 motion to compel the production of documents (Doc. Ent. 41) is GRANTED. The hearing scheduled for November 30, 2010 (Doc. Ent. 42) is CANCELLED. Defendant(s) SHALL serve responses to the September 16th second request for production of documents and the September 30th third request for production of documents upon plaintiff's counsel no later than December 15, 2010.

IT IS SO ORDERED.

---

[6]Furthermore, my November 16, 2010 order noted that, to the extent plaintiff's July 25, 2008 motion seeks an order directing defendants to preserve the police vehicles' dash camera video footage (Doc. Ent. 15 at 4), plaintiff's pending November 1, 2010 motion (Doc. Ent. 41) seeks responses to his second and third requests for production of documents (Doc. Entries 41-2 and 41-3). Doc. Ent. 43 at 6.

4

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

                                                                       s/Paul J. Komives_____
                                                                       PAUL J. KOMIVES
                                                                       UNITED STATES MAGISTRATE JUDGE

Dated: November 24, 2010

I certify that a copy of the foregoing document was served on counsel of record via electronic and/or U.S. Mail on November 24, 2010.

                                                                       s/D. Opalewski for Eddrey Butts
                                                                       Relief Case Manager